UNITED STATES DISTRICT COURT
                            DISTRICT OF MASSACHUSETTS

| ANITA M. BARROW,                    )
|                                     )
|                                     )    Civil Action No.
|              Plaintiff,             )    16-11493-FDS
|                                     )
|       v.                            )
|                                     )
| HERBERT A. BARROW, JR., et al.,     )
|                                     )
|              Defendants.            )


                         **MEMORANDUM AND ORDER ON**
                      **DEFENDANT WILLIS'S MOTION TO DISMISS**

**SAYLOR, J.**

      This action arises out of the partition by sale of a property in Falmouth, Massachusetts, formerly owned by Emma Barrow, the mother of plaintiff Anita Barrow. Plaintiff is proceeding *pro se*.

      In her will, Emma Barrow granted a life estate in the Falmouth property to one of her daughters, Willinda Powell Gray. Anita, Willinda, and a third sibling named Herbert Barrow were devised equal shares of the proceeds from the sale of the property as remaindermen. Willinda occupied the property after Emma's death, but allegedly allowed the property to fall into a state of disrepair. Willinda also allegedly failed to pay the mortgage on the property, and took out a new loan, secured by the property, on which she subsequently defaulted.

      The property was ultimately sold for substantially less than its fair market value. Anita then filed this action, contending that her siblings and various other individuals—those allegedly involved in either the decline in the property's value or its ultimate sale—discriminated against her on the basis of race in violation of federal and state law. This Court has already granted the

motions to dismiss of all other defendants named in this case. Defendant B. Grant Willis has now moved to dismiss the claims against him for the failure to state a claim upon which relief can be granted. For the reasons stated below, the motion will be granted.

## I.     Background

### A.     Factual Background

The facts are set out fully in this Court's prior Memorandum and Order on Plaintiff's Motion for *Lis Pendens*, Plaintiff's Motion to Strike, and Defendants' Motion to Dismiss. (*See* Docket No. 58 at 2-5). As is relevant here, the facts are as follows.

Anita Barrow is an African-American woman. (Compl. ¶ 33). Defendant Grant Willis is an attorney in Falmouth, Massachusetts, who represented Anita's mother, Emma Barrow, in preparing her will. (*Id.* at ¶¶ 64-65). The will devised Emma's property in Falmouth to her three children. (*Id.* at ¶ 33, 35, 48). The will granted Willinda Powell Gray—the half-sister of Anita and Herbert Barrow—a life tenancy in the property. The will further provided that upon Willinda's option or at her death, the property was to be sold, with the proceeds divided equally between Willinda, Herbert, and Anita or their issue. (*Id.* Ex. 2). She named Michelle Maldonado, Willinda's daughter, as executor of her estate. (*Id.* at ¶ 49).

Following Emma's death, Willis represented Maldonado, as executor, in the probate of Emma's estate. (*Id.* at ¶ 5). The complaint alleges that Willis prepared and recorded in the Barnstable County Registry of Deeds an Executor's Deed, which was a "void instrument" that included "discriminatory provisions to the detriment of the Plaintiff." (*Id.* at ¶¶ 52, 66). The complaint further alleges that Maldonado used the Executor's Deed to attempt to sell the property to SDSB Investment Group "to the detriment of Plaintiff, in a wasted condition for $385,000.00 without the knowledge or consent of Plaintiff . . . ." (*Id.* at ¶¶ 52). The property

2

was ultimately sold to Falmouth Realty Investments for $385,261.14. (*Id.* at ¶¶ 19, 196).

### B. Procedural Background

On July 18, 2016, plaintiff filed the complaint in this action. The complaint alleges that the twenty named defendants discriminated against her on the basis of her race in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.* (Count 1); 42 U.S.C. §§ 1981, 1982, and 1983 (Count 2); and Massachusetts General Laws chapter 151B (Count 3). The complaint also asserts a number of state-law tort claims for breach of fiduciary duty (Count 4); waste (Count 5); and fraud (Count 6). It also asserts an action to quiet title (Count 7).

On November 29, 2106, this Court granted the motions to dismiss of all other named defendants. On January 13, 2017, the Court entered a default as to defendant Willis, who, at that time, had not submitted either an answer or motion to dismiss. On February 15, 2017, plaintiff filed a motion for default judgment as to Willis. On April 12, the Court issued Willis an order to show cause why default judgment should not enter against him. On May 3, counsel entered an appearance on behalf of Willis and filed a response to the order to show cause and an opposition to the motion for default judgment. Willis demonstrated good cause why default judgment should not enter against him, stating that he has been in ill health and that the summons was served upon him when he was in the process (at age 75) of closing down his solo law practice and reviewing each client file in his office. On May 4, the Court set aside the earlier default entered against him and denied plaintiff's motion for default judgment.

On May 25, 2017, defendant Willis filed a motion to dismiss the claims against him. For the reasons stated below, that motion will be granted.

## II. Legal Standard

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and

3

give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is "plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz*, 521 F.3d at 84 (quotations and alterations omitted).

### III. <u>Analysis</u>

#### A. <u>Fair Housing Act Claim</u>

The FHA prohibits, among other things, race discrimination in the "terms, conditions, or privileges of sale or rental of a dwelling," as well as in the availability or terms or conditions of transactions relating to residential real estate. 42 U.S.C. §§ 3604(b), 3605(a). To prove a violation of the FHA, the plaintiff must show either that defendants acted with discriminatory intent or that their actions have a disparate impact based on race. *Macone v. Town of Wakefield*, 277 F.3d 1, 5 (1st Cir. 2002). The complaint here fails to allege sufficient facts to meet either of those requirements.

First, despite its considerable length, the complaint does not allege facts sufficient to demonstrate that Willis acted with a discriminatory intent. "A plaintiff can show discriminatory intent by either direct or indirect evidence." *Pina v. Town of Plympton*, 529 F. Supp. 2d 151, 155

4

(D. Mass. 2007) (internal quotation marks omitted). Here, the complaint does not allege either. The complaint alleges that Willis composed and filed a fraudulent deed, "which included discriminatory provisions to the detriment of Plaintiff, in violation of her rights to fair terms, conditions, and privileges of sale of the Property under Fair Housing law." (Compl. ¶ 66). Even if true, the complaint does not allege facts suggesting that Willis intended to deprive her of those rights *because of her race*. The complaint does not specify what the allegedly discriminatory terms were. Instead, plaintiff appears to contend that the deed was invalid because it overstated the powers of the executrix, Michelle Maldonado, in selling the property and the rights of Willinda in occupying the property. Again, however, even if those allegations are true, they do not amount to race discrimination. There is nothing in the complaint to suggest that the alleged defects in the deed were in any way motivated by racial animus.

The complaint also fails to allege sufficient facts to show that the Willis's conduct disparately impacts African-Americans. *See Texas Dept. of Hous. & Cmty. Affairs v. Inclusive Cmties. Project, Inc.*, 135 S. Ct. 2507, 2525 (2015) (holding that disparate-impact claims are cognizable under the FHA). A plaintiff can make out a claim for disparate impact by showing that a defendant's actions "actually or predictably [result] in racial discrimination." *Macone*, 277 F.3d at 7 (alteration in original) (internal quotation marks omitted). "In order to properly assert a disparate impact claim, plaintiff[] must plead (1) a specific and actionable policy, (2) a disparate impact, and (3) facts raising a sufficient inference of causation." *Miller v. Countrywide Bank, N.A.*, 571 F. Supp. 2d 251, 255 (D. Mass. 2008). Here, the complaint fails on all three prongs.

First, the complaint does not point to any specific policy that results in racial discrimination. As to defendant Willis, the complaint alleges only that he created and recorded a defective deed on a single occasion. A single act relevant to a single piece of property, without

5

more, is not evidence of a policy contributing to a disparate impact. *See Inclusive Cmties. Project*, 135 S. Ct. at 2523 ("[A] plaintiff challenging the decision of a private developer to construct a new building in one location rather than another will not easily be able to show this is a policy causing a disparate impact because such a one-time decision may not be a policy at all.").

Furthermore, the complaint alleges no specific facts showing a disparate impact. A showing of disparate impact is usually made using statistical evidence. *See Hallmark Developers, Inc. v. Fulton Cnty.*, 466 F.3d 1276, 1286 (11th Cir. 2006) ("Typically, a disparate impact is demonstrated by statistics."). Here, the only allegation of discrimination in the complaint consists of vague and general references to academic literature suggesting that partition sales of coastal properties may disparately impact African-Americans and deprive them of inherited wealth. (Compl. ¶¶ 177–182). Such general references to academic literature, without any tie to the acts or practices of defendant Willis himself, are insufficient to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (dismissing complaint because plaintiffs failed to plead enough facts to "nudge[] their claims across the line from conceivable to plausible").

Finally, the complaint fails to allege any facts from which an inference of causation can be drawn. "A plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection [between the defendants' conduct and a discriminatory effect] cannot make out a prima facie case of disparate impact." *Inclusive Cmties. Project*, 135 S. Ct. at 2523. Even if the Court assumes, as a general matter, that partition sales disparately impact African-American heirs, plaintiff has failed to show that any policies or practices of defendant Willis caused or contributed to such a discriminatory effect. The motion

to dismiss will therefore be granted as to Count One.

### B. The Civil Rights Act Claims

#### 1. Section 1981

Section 1981 guarantees "equal rights under the law." 42 U.S.C. § 1981. It "prohibits both public and private racial discrimination in certain specified activities." *Garrett v. Tandy Corp.*, 295 F.3d 94, 98 (1st Cir. 2002). One such specified activity is the ability to enjoy "the full and equal benefit of all laws and proceedings for the security of persons and property." To prove a violation under § 1981, plaintiff must show that (1) she is a member of a racial minority; (2) the defendants discriminated against her on the basis of race; and (3) their discrimination concerned at least one of the activities the statute describes. *Id.* Furthermore, the discrimination must be purposeful. *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982) (holding that § 1981 "can be violated only by purposeful discrimination).

The claim here fails at the second prong. For the reasons set forth above, the allegations of the complaint are simply insufficient to demonstrate that defendant Willis acted with the purpose of discriminating against plaintiff on the basis of her race. Whatever her frustrations concerning her inability to participate in the property's sale, or the low selling price, nothing in the circumstances surrounding the sale of the property suggests that the unfavorable terms of the sale were in any way related to intentional acts of race discrimination.

#### 2. Section 1982

Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real property." 42 U.S.C. § 1982. As with § 1981, only purposeful discrimination can rise to the level of a § 1982 violation. *City of Memphis v. Greene*, 451 U.S.

100, 135 (1981) (White, J., concurring). Again, the complaint fails to allege facts showing that defendant was motivated by racial animus or the intent to discriminate on the basis of race.

        3.      **Section 1983**

Section 1983 provides a private remedy against individuals who, acting under color of state law, cause a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). It is unclear from the complaint which defendants are the intended subjects of the § 1983 claim, but as there is no allegation that Willis was acting under color of state law, there can be no claim against him under § 1983. Accordingly, the motion to dismiss will granted as to Count Two.

      **B.**      **State-Law Claims**

Having dismissed all of plaintiff's federal-law claims, this Court declines to exercise jurisdiction over plaintiff's state-law claims. In deciding whether to retain supplemental jurisdiction over state-law claims after dismissing the foundational federal claims, courts are to consider factors such as "the interests of fairness, judicial economy, convenience, and comity." *Camelio v. American Federation*, 137 F.3d 666, 672 (1998). "'Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if federal claims are dismissed before trial, . . . the state claims should be dismissed as well.'" *Id.* (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). As this case has yet to even enter discovery, and because there appears to be no unfairness to the parties from having the state court decide

the remaining state-law issues, retention of jurisdiction over the state-law claims would be inappropriate under the circumstances.

## IV. Conclusion

For the foregoing reasons the motion to dismiss of B. Grant Willis is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated:  July 5, 2017                        United States District Judge