UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANITA M. BARROW, | ) |
| | ) |
| | ) Civil Action No. |
| Plaintiff, | ) 16-11493-FDS |
| | ) |
| v. | ) |
| | ) |
| HERBERT A. BARROW, JR., et al, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER ON DEFENDANT MACKOUL'S
MOTION FOR ATTORNEYS' FEES**

This action arises out of the partition by sale of a property in Falmouth, Massachusetts, formerly owned by Emma Barrow, the mother of plaintiff Anita Barrow. Plaintiff, proceeding *pro se*, filed this action contending that her siblings and various other individuals involved in the sale of the property—including George MacKoul, an attorney who represented plaintiff's siblings and the executrix of Emma Barrow's estate—discriminated against her on the basis of race in violation of state and federal law, including the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, and the Civil Rights Act, 42 U.S.C. §§ 1981, 1982, and 1983.

On September 9, 2016, MacKoul moved to dismiss the claims against him for failure to state a claim upon which relief can be granted, which the Court granted. MacKoul then moved for attorneys' fees pursuant to the Fair Housing Act, 42 U.S.C. § 3613(c)(2), the Civil Rights Act, 42 U.S.C. § 1988(b), both of which authorize attorneys' fees for prevailing parties.

On a motion for attorneys' fees, the prevailing party has the burden of substantiating the requested fees with detailed billing records and hourly rates. *See Spooner v. EEN, Inc.*, 664 F.3d 62, 68 (1st Cir. 2011); *Martinez v. Hodgson*, 265 F. Supp. 2d 135, 142 (D. Mass. 2003).

Furthermore, the reasonableness of the hourly rate requested must be "based on evidence other than the attorneys' affidavits." *Deary v. City of Gloucester*, 9 F.3d 191, 198 (1st Cir. 1993). Here, in support of his motion for attorneys' fees, MacKoul's attorney has submitted an affidavit stating simply that "[t]he amount of legal fees and costs incurred in representing the Defendant in [this] case was $15,304.60." (Delinks Aff. at ¶ 3). The affidavit does not include any information regarding how many hours attorney Delinks worked on the case, how she spent those hours, or the hourly rate she applied in calculating the requested sum. Thus, Mackoul has failed to carry his burden of substantiating the requested fees. Accordingly, his motion for attorneys' fees is DENIED. The denial is without prejudice to its renewal with appropriate supporting materials.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: July 10, 2017
United States District Judge