UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANITA M. BARROW, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | 16-11493-FDS |
| v. ) | |
| HERBERT A. BARROW, JR., et al, ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER ON DEFENDANT BARNSTABLE COUNTY DEPARTMENT OF HEALTH AND ENVIRONMENT'S <u>MOTION FOR SANCTIONS</u>**

This action arises out of the partition by sale of a property in Falmouth, Massachusetts, formerly owned by Emma Barrow, the mother of plaintiff Anita Barrow. Plaintiff, proceeding *pro se*, filed this action contending that her siblings and various other persons involved in the property's alleged decline in value and its ultimate sale—including the Barnstable County Department of Health and Environment ("BCDHE"), which, according to the complaint, filed a betterment lien against the property—discriminated against her on the basis of race in violation of state and federal law, including the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, and the Civil Rights Act, 42 U.S.C. §§ 1981, 1982, and 1983.

On September 8, 2016, the BCDHE moved to dismiss the claims against it for failure to state a claim upon which relief can be granted, which the Court granted. The BCDHE then moved for an order of sanctions against plaintiff, pursuant to Fed. R. Civ. P. 11, in the amount of its reasonable attorneys' fees and costs.

Rule 11 of the Federal Rules of Civil Procedure authorizes courts to impose sanctions against attorneys or unrepresented parties for filing pleadings, written motions, or other papers

that: (1) are "presented for any improper purpose, such as to harass," (2) contain claims not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," or (3) contain factual contentions (or denials) without evidentiary support.  Fed. R. Civ. P. 11(b), (c).  Where the sanctions sought are attorneys' fees and costs, courts generally require that the party seeking sanctions support the requested amount with affidavits and other relevant materials detailing the fees and costs incurred in the representation.  *See Cardillo v. Cardillo*, 360 F. Supp. 2d 402, 406 (D. Mass. 2005); *Hochen v. Bobst Group, Inc.*, 198 F.R.D. 11, 18 (D. Mass. 2000).

Here, the BCDHE has not submitted any documentation detailing either the total amount of fees and costs incurred, the hours worked and rates charged by its attorneys, or the reasonability of the hours worked and rates charged.  Accordingly, the BCDHE's motion for attorneys' fees and costs will be DENIED.  The denial is without prejudice to its renewal with appropriate supporting materials.

**So Ordered.**

Dated:  July 10, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge