# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

ANITA M. BARROW,                          )
                                          )
                  Plaintiff,              )          **Civil Action No.**
                                          )          **16-11493-FDS**
                                          )
         v.                               )
                                          )
HERBERT A. BARROW, JR., et al,            )
                                          )
                  Defendants.             )
_____)

## MEMORANDUM AND ORDER ON DEFENDANT MACKOUL'S
## RENEWED MOTION FOR ATTORNEYS' FEES

This action arises out of the partition by sale of a property in Falmouth, Massachusetts,

formerly owned by Emma Barrow, the mother of plaintiff Anita Barrow.  Plaintiff, proceeding

*pro se*, filed this action contending that her siblings and various other individuals involved in the

sale of the property—including George MacKoul, an attorney who represented plaintiff's

siblings and the executrix of Emma Barrow's estate—discriminated against her on the basis of

race in violation of state and federal law, including the Fair Housing Act ("FHA"), 42 U.S.C. §

3601, *et seq.*, and the Civil Rights Act, 42 U.S.C. §§ 1981, 1982, and 1983.

On September 9, 2016, MacKoul moved to dismiss the claims against him for failure to

state a claim upon which relief can be granted, which the Court granted.  MacKoul has moved

for attorneys' fees pursuant to the Fair Housing Act, 42 U.S.C. § 3613(c)(2) and the Civil Rights

Act, 42 U.S.C. § 1988(b), both of which authorize attorneys' fees for prevailing parties.  Plaintiff

has not opposed the motion.

On a motion for attorneys' fees, the prevailing party has the burden of substantiating the

requested fees with detailed billing records and hourly rates.  *See Spooner v. EEN, Inc.*, 664 F.3d

62, 68 (1st Cir. 2011); *Martinez v. Hodgson*, 265 F. Supp. 2d 135, 142 (D. Mass. 2003). MacKoul has submitted an affidavit from Marissa Delinks, his counsel, indicating her background and experience and her hourly rates, and including detailed billing records. The time spent is not obviously unreasonable. The claims in this matter were clearly without any basis in fact or law, and were dismissed by the Court for failure to state a claim. Moreover, the underlying dispute involved a matter of at least moderate complexity, and the claims asserted here required some degree of legal and factual analysis even to prepare a motion to dismiss. Finally, as noted, plaintiff has not opposed the motion. The fees in question appear to be reasonable under the circumstances.

Accordingly, the motion of defendant George MacKoul for attorneys' fees is GRANTED. Defendant MacKoul is hereby awarded his reasonable attorneys' fees as the prevailing party under 42 U.S.C. § 3613(c)(2) and 42 U.S.C. § 1988(b) in the amount of $20,052. **So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: November 28, 2017                    United States District Judge